# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MASTERBUILT MANUFACTURING, LLC, <br><br> Defendant. | CIVIL ACTION NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on a disability, and to provide appropriate relief to Joshua Moore ("Moore"), who was adversely affected by such practices. The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant Masterbuilt Manufacturing, LLC ("Defendant"), discriminated against Moore when it denied him a reasonable accommodation and discharged him because of his disability and in retaliation for engaging in protected activity, all in violation of the ADA, as amended.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Columbus Division. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant had its principal place of business in Georgia, conducted business in the State of Georgia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111 (7), which incorporate by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Moore filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

8. On September 28, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On December 18, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been

fulfilled.

## **STATEMENT OF CLAIMS**

11. Since on or about August 2017, Defendant has engaged in unlawful employment practices at its Columbus, Georgia headquarters in violation of Section 102 of the ADA, 42 U.S.C. §12112(a) and (b).

12. Moore is a qualified individual with a disability under 42 U.S.C. §§ 12102 and 12111(8).

13. Moore has the following medical conditions: Asperger's Syndrome, Tourette's Syndrome, Obsessive Compulsive Disorder, and Attention Deficit Hyperactivity Disorder, which substantially limit him in major life activities, including but not limited to, the functions of the brain and neurological systems, communication and social interaction with others.

14. Defendant knew that Moore was disabled when it terminated him from the Information Technology ("IT") Help Desk Technician position because of an actual or perceived impairment.

15. On or about June 30, 2017, Moore met with Defendant's Vice President of Human Resources regarding his sincerely held belief that the IT Department Manager was mistreating Moore based on his disabilities, which included but was not limited to, her repeated comments to Moore that he was "special."

16. The Vice President of Human Resources told Moore that he could not see the IT Department Manager acting "that way."

17. Moore also told the Vice President of Human Resources that he was spending a significant amount of his time coaching other IT Department employees instead of working on his own assignments, which was particularly difficult for Moore due to the symptoms of his disabilities.

18. Moore's work environment worsened after his meeting with the Vice President of Human Resources.

19. Thus, on or about July 4, 2017, Moore again contacted the Vice President of Human Resources to express concern that his complaints were not taken seriously, and that Moore feared he was being retaliated against because of his complaints about the IT Department Manager.

20. On or about July 7, 2017, Moore met with the Vice President of Human Resources and the IT Department Manager.  Moore reiterated his previous concerns, including but not limited to, his complaints about his workload in the IT Department and his objections to being called "special."  The IT Department Manager admitted to calling Moore "special."

21. Moore's work environment did not improve after meeting with the Vice President of Human Resources and the IT Department Manager.

22. On or about August 2, 2017, Moore discovered that a package he had been expecting for a priority work order had been opened, and some of its contents were missing. Moore asked his coworkers if they had seen who had opened the package and where the contents of the package could be found. Two of the IT Department employees ignored Moore's questions. One of the lead IT employees then told Moore in an aggressive tone that he had opened the package and for Moore to "see him" if he had a problem with it, or that they could "take it outside."

23. As a result of his disabilities, which cause Moore difficulty in social interaction and communication, Moore became upset by the actions of the IT Department employees and sought assistance from the Vice President of Human Resources. Moore told the Vice President of Human Resources that he could not cope with his present working conditions, and the Vice President of Human Resources suggested that Moore take time away from work.

24. That evening, Moore called and emailed the Vice President of Human Resources and asked for an accommodation in the form of leave for several days to manage his disabilities. Moore also requested information on the counseling services offered through Defendant's Employee Assistance Program.

25. Between August 2 and 25, 2017, while Moore was on leave, the IT Department Manager wrote a written reprimand stating that Charging Party was deficient in certain areas of his job.

26. On or about August 17, 2017, Moore sent an email to the Vice President of Human Resources stating that he was concerned about disciplinary action resulting from the reprimand and that he wanted to discuss the matter when he returned to work.

27. Moore attended several counseling sessions with the Employee Assistance Program counselor and asked that he be allowed to return to work on or about August 21, 2017.

28. The Vice President of Human Resources discouraged Moore from returning to work by telling Moore that work would be the "same" and that Moore would be returning to the "same" environment. The Vice President of Human Resources suggested Moore use his remaining vacation days. Moore then requested to return to work on or about August 24, 2017.

29. On or about August 24, 2017, Moore met with the Vice President of Human Resources, the IT Department Manager, and the Chief Financial Officer for Defendant. During this meeting, the Chief Financial Officer told Moore that his face was "getting red," while Moore was explaining why he was a valuable employee.

30. During the meeting on or about August 24, 2017, the Vice President of Human Resources told Moore that he believed Moore's feelings regarding his supervisor had not improved and that Moore was disruptive.

31. Moore presented a note to Defendant from the Employee Assistance Program counselor on or about August 25, 2017, which stated that Moore was prepared to return to work immediately.

32. Defendant never permitted Moore to return to work.

33. Defendant's Vice President of Human Resources told Moore that he must regain a healthy level of "contentment and comfortability" and must be able to perform without disruption before he could return to work. He also told Moore that Defendant was uncertain that Moore would be able to work professionally with the IT Department Manager.

34. Defendant terminated Moore's employment on or about August 29, 2017.

35. Defendant unlawfully refused to accommodate Moore, and unlawfully terminated Moore's employment because of his disability and in retaliation for engaging in protected activity.

36. The effects of the practices complained of above have been to deprive Moore of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

37. The unlawful employment practices complained of above were intentional.

38.  The unlawful employment practices complained of above were done with malice and/or with reckless indifference to the federally protected rights of Moore.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment opportunities to any individual based on an actual or perceived disability without performing a full and complete objective individualized assessment of the employee's ability to perform the job, from denying reasonable accommodations to disabled employees, or engaging in any other employment practice that discriminates on the basis of disability.

B.  Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make Moore whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order Defendant to make Moore whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Moore whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Moore punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

s/Robyn M. Flegal
Robyn M. Flegal, Esq.
Trial Attorney
Georgia Bar No. 599572
robyn.flegal@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
(404) 562- 6882 (direct)
(404) 562-6905 (facsimile)

11