IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 4:19-CV-00052-CDL |
| v. | : : | |
| MASTERBUILT MANUFACTURING, LLC | : : : | |
| Defendant. | : : | |

**CONSENT DECREE**

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans With Disabilities Act ("the ADA"), 42 § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant Masterbuilt Manufacturing, LLC ("Defendant" or "Masterbuilt"), discriminated against Charging Party Joshua Moore ("Moore") when it denied him a reasonable accommodation and discharged him because of his disability and in retaliation for engaging in protected activity, all in violation of the ADA, as amended. Defendant denies any and all of the allegations contained within the Commission's Complaint.

The Commission and Defendant (collectively, "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before the Court.

1

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of disability within the meaning of the ADA, including by denying an employee with a disability a reasonable accommodation, discharging an employee because of a disability, or retaliating against an employee for requesting a reasonable accommodation.

2. Defendant shall not discriminate or retaliate against any person because of their opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Moore the sum of sixty thousand dollars ($60,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing two checks to Moore, as follows: (1) seven thousand two hundred and fifteen dollars and fifty-four cents ($7,215.54), less statutory withholdings, which represents back-pay and (2) fifty-two thousand seven hundred and eighty-four dollars and forty-six cents ($52,784.46), which represents compensatory damages.

Payment shall be made within ten (10) days after the Court approves this Consent Decree, and Defendant shall mail the checks to Moore at an address provided by the Commission. Within ten (10) days after the checks have been sent, Defendant shall send to the Commission a copy of the checks and proof of delivery to Moore. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Moore may or may not incur on such payments under local, state and/or federal law.

4.  Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Moore any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2018-00362 and the related events that occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5.  Defendant shall provide Moore with a positive letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Moore at an address provided by the Commission. Moore is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Moore from a potential employer, it will provide only the information set forth in the letter of reference in response.

6.  Defendant has in place an anti-discrimination and an ADA policy, that it shall maintain throughout the term of this decree. A copy of the policy is attached hereto as Exhibit B. During the term of this Consent Decree, Defendant shall redistribute its anti-discrimination and ADA policies to all employees working in its Georgia facilities within 30

days of the entry of this Consent Decree by the Court and review it with new employees hired to work in Georgia at the time of hire.

7. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in all of its Georgia facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within 30 days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors, and employees working in Georgia. Each training program shall include an explanation of the requirements of the ADA, including the reasonable accommodation requirements and processes. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

Defendant completed ADA training in January 2019, therefore, the first training program shall be completed within one hundred and eighty days (180) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within ten (10) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C, hereby made a part of this Consent Decree, in a place where it is visible to employees working in its Georgia facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

>  A. the identities of all individuals who have reported any incidents of disability discrimination, to include any complaints that the individual was denied a reasonable accommodation for their disability, discharged because of their disability, or retaliated against for requesting a reasonable accommodation under the ADA, in any of Defendant's Georgia facilities, including each person's name, address, telephone number, and position title;
>
>  B. for each individual identified in 10.A above, explain what actions were taken by Defendant in response to the individual's report;
>
>  C. for each individual identified in 10.A above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and
>
>  D. for each individual whose employment status has changed as identified in 10.B. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 10.A. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's Georgia facilities, interview employees, and examine and copy documents.

12. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for five (5) years from its entry by the Court.

14. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Julie Johnson (jed@psstf.com). If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) days of the change.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to:

>   Antonette Sewell, Regional Attorney
>   Equal Employment Opportunity Commission
>   Sam Nunn Atlanta Federal Center
>   100 Alabama Street, SW Suite 4R30

Atlanta, Georgia 30303

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

4/2/2019  S/Clay D. Land
Date  Judge, U.S. District Court
Middle District of Georgia

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

/s/ *Robyn M. Flegal*
Robyn M. Flegal
Georgia Bar No. 599572
Equal Employment Opportunity Commission
100 Alabama St., SW Suite 4R30
Atlanta, Georgia 30339
robyn.flegal@eeoc.gov
(404) 562-6882

Attorney for Plaintiff

/s/ *Julie D. Johnson*
Julie D. Johnson
Georgia Bar No. 154102
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
Synovus Centre
1111 Bay Avenue, Third Floor
Columbus, GA  31901
(706) 256-5304

Attorney for Defendant